**Walthal WOOD, Plaintiff–Appellant,**

v.

**Samuel G. AMENDOLARA, et al., Defendants–Appellees.**

No. 02–3904.

United States Court of Appeals, Sixth Circuit.

March 10, 2003.

Before MARTIN, Chief Judge; ROGERS, Circuit Judge; and EDMUNDS, District Judge.*

*ORDER*

Walthal Wood, a Florida resident, appeals pro se a district court order dismissing a diversity legal malpractice claim as barred by the statute of limitations. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wood filed a complaint in July 2001 seeking declaratory and monetary relief from the attorney and law firm which had represented him in a criminal proceeding in Ohio in 1995. Wood had entered a guilty plea to a charge of voluntary manslaughter with a firearm specification, and was sentenced to five to twenty-five years and three years of imprisonment, respectively. In April 1998, Wood filed a delayed appeal from his conviction, arguing that his plea was involuntary because the trial court judge had not advised him of his rights, and because he had received ineffective assistance of counsel from defendants. The Ohio Court of Appeals found merit in the argument that the judge had not advised Wood of his rights, and vacated his conviction in January 2000. In July 2001, Wood entered a new plea bargain

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

agreement which resulted in a two to ten year sentence, and he was released from incarceration shortly thereafter.

Defendants moved to dismiss the complaint on the ground that it was barred by the one-year statute of limitations applicable to malpractice claims in Ohio. Ohio Rev.Code § 2305.11(A)(1). Wood moved to dismiss defendants' motion on the ground that he did not receive a copy of one of the attached unpublished cases cited in the motion. The district court granted the motion to dismiss, concluding that Wood's cause of action accrued when he filed his delayed appeal in April 1998, and that the complaint filed in July 2001 was barred by the statute of limitations.

On appeal, Wood argues that the statute of limitations did not begin to run in this case until he received the new sentence in July 2001. He also argues that his failure to receive a copy of the unpublished case cited in the motion to dismiss prevented him from responding to the motion.

■ Upon review, we conclude that this complaint was properly dismissed as barred by the one-year statute of limitations. Wood was clearly aware that he had a legal problem that may have been caused by defendants when he filed his delayed appeal in April 1998 raising that claim. Therefore, the district court properly held that the statute of limitations began to run at that time. *See F.D.I.C. v. Alexander*, 78 F.3d 1103, 1107 (6th Cir. 1996). Wood's argument that he had to wait until he received the new sentence before he could file is without merit. In *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 538 N.E.2d 398, 402 (Ohio 1989), the Ohio Supreme Court held that a trial court ruling that a prenuptial agreement was invalid put the client on notice that he had a legal malpractice claim, and he did not need to wait until all appeals had been exhausted before filing his cause of action. In the instant case, neither the decision of the Ohio Court of Appeals nor the resentencing were necessary to put Wood on notice that he had a potential legal malpractice claim, as neither relied on ineffective assistance. Wood's delayed appeal demonstrated that he was aware of his alleged claim.

■ Wood's argument regarding the failure to receive a copy of an unpublished case cited in defendants' motion to dismiss is also meritless. As the district court noted, Wood is no longer incarcerated and could have obtained a copy of the decision on his own. The alleged failure to attach a copy of this decision to the motion Wood received did not change the outcome of the suit, as it was obvious from the face of the complaint that it was barred by the statute of limitations.

Accordingly, the district court's order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.